UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADENE SAMMANN, *et al.*,

    Plaintiffs,

    v.

ESTATE OF ELIZABETH SAMMANN, *et al.*,

    Defendants.

Case No. C05-0929L

ORDER REGARDING PLAINTIFFS' MOTIONS TO AMEND AND FOR AN EXTENSION OF TIME

    This matter comes before the Court on plaintiffs' second motion to amend their complaint (Dkt. #65) and on plaintiffs' motion for an extension of time to respond to defendants' pending dispositive motion (Dkt. #72). Plaintiffs have not served a copy of either motion on defendants.

    Plaintiffs amended their complaint once before, to change the name of a defendant. In their current motion, plaintiffs assert a claim under the False Claims Act ("FCA"), 31 U.S.C. § 3729-3733, various other claims, and seek to add 29 additional defendants, including three corporate defendants. Pursuant to 31 U.S.C. § 3730(b)(2), a complaint asserting a claim under the FCA "shall be filed in camera, shall remain under seal for at

ORDER REGARDING PLAINTIFFS'
MOTIONS TO AMEND AND FOR
AN EXTENSION OF TIME - 1

least 60 days, and shall not be served on the defendant until the court so orders."

Allowing the extensive amendments without granting the current defendants an opportunity to respond to the motion would be fundamentally unfair.  Plaintiffs are hereby ORDERED to serve copies of all documents they filed under seal, including docket entries ## 65, 66, 67, 70, 71, 72, and 73 on defendants no later than February 8, 2006, and to file with the Court a certificate of service by that date.  The Clerk of the Court is DIRECTED to renote plaintiffs' motion to amend (Dkt. #65) for February 17, 2006.  Defendants' response shall be filed no later than February 14, 2006.  Plaintiffs' reply, if any, shall be filed no later than February 17, 2006.

Plaintiffs have also filed under seal the motion to amend and all subsequently filed documents, including their motion for an extension of time to respond to defendants' pending motion for summary judgment.  Local Rule 5(g) regarding filing documents under seal states,

> There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review. . . .
>
> (2) The court may order the sealing of any files and records on the motion of any party, on stipulation and order, or on the court's own motion. . . .  The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access.

Plaintiffs have not overcome the strong presumption of public access to documents for the majority of documents they have filed under seal.  Although the FCA requires that the complaint be sealed, plaintiffs have offered no justification for sealing the other documents.  Accordingly, the Clerk of the Court is DIRECTED TO UNSEAL docket entries ## 65, 67, 70, 71, 72, and 73.  Docket entry #66 shall remain sealed.  Plaintiffs are

ORDER REGARDING PLAINTIFFS'
MOTIONS TO AMEND AND FOR
AN EXTENSION OF TIME - 2

1 reminded that they are required to comply with the Court's rules regarding sealing
2 documents. They shall not file any additional documents under seal unless authorized to
3 do so by a particular statute, Court rule, or leave of the Court. Any additional improperly
4 filed sealed documents may be stricken from the record.

5 Finally, plaintiffs have filed a motion for an extension of time (Dkt. #72) to
6 respond to defendants' motion for summary judgment. The Court denies the motion
7 because plaintiffs have not served it as required, and because the motion lacks merit.
8 Defendants' motion was filed in November 2005 and noted for consideration on
9 December 9, 2005. Plaintiffs requested and were granted an extension of time to
10 respond; the motion is currently noted for February 10, 2006. Plaintiffs request an
11 extension until May 12, 2006 to allow defendants to respond to their motion to amend.
12 However, plaintiffs have not shown good cause to delay consideration of the dispositive
13 motion by the current defendants based on the current claims. Therefore, plaintiffs'
14 motion for an extension of time to respond (Dkt. #72) is DENIED.

16 DATED this 1st day of February, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFFS'
MOTIONS TO AMEND AND FOR
AN EXTENSION OF TIME - 3