UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADENE SAMMANN, *et al.*,

    Plaintiffs,

    v.

ESTATE OF ELIZABETH SAMMANN, *et al.*,

    Defendants.

Case No. C05-0929L

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* based on plaintiffs' unexplained refusal to comply with two orders of this Court.

On February 1, 2006, the Court ordered plaintiffs to serve defendants with seven documents they erroneously filed under seal, included their proposed second amended complaint, a motion for leave to amend, and a motion for an extension of time to respond to defendants' pending dispositive motion. Defendants had no access to the documents that plaintiffs erroneously and unilaterally filed under seal. The Court ordered plaintiffs to serve defendants and file a certificate of service with the Court no later than February 8, 2006.

The Court issued a second order on February 14, 2006 noting that as of that date,

ORDER OF DISMISSAL - 1

plaintiffs had not served the documents or filed a certificate of service.  The Court ordered plaintiffs to do so no later than February 21, 2006.  "Otherwise, the Court will impose sanctions on plaintiffs, which may include dismissal of this case." (Dkt. #85 at p. 1).  Plaintiffs have not complied with either order.  Furthermore, they have offered no explanation or excuse for their failure to do so.

A court may dismiss a case "[f]or failure of the plaintiff . . . to comply with . . . any order of [the] court."  Fed. R. Civ. P. 41(b).  A court's decision to dismiss for failure to comply with its orders is governed by the five factors set forth in Malone v. United States Postal Serv., 833 F.2d 128 (9th Cir. 1987).  The Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 130.  The first two factors support dismissal of this case.  Plaintiffs' dilatory conduct has impeded the resolution of this case.  Defendants cannot address the merits, or lack thereof, of plaintiffs' proposed amended complaint and motion for leave to file it without copies of those documents.  Although plaintiffs have disputed their obligation to serve their proposed second amended complaint,[1] they have no plausible basis to refuse to serve the other erroneously sealed documents, including their motion for an extension.  Plaintiffs' refusal to comply with this Court's orders has also prejudiced defendants by delaying

---

[1] Plaintiffs argued that they should not be required to serve their proposed second amended complaint because it contains allegations under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.  Although plaintiffs are correct that a FCA complaint must remain under seal for at least 60 days pursuant to the statute, plaintiffs did not file this case under the FCA.  Instead, after defendants filed their dispositive motion, plaintiffs sought leave to amend their complaint to add a new FCA claim.  In that context, the Court found that permitting the amendments without granting the defendants an opportunity to respond to the motion to amend would be fundamentally unfair.

ORDER OF DISMISSAL - 2

their ability to resolve the matter.

The Court also considers the public's interest. Plaintiffs' proposed amended complaint contains FCA claims, albeit ones that appear frivolous. Although public policy favors resolution on the merits, plaintiffs have repeatedly and purposefully delayed resolution on the merits. Plaintiffs have pursued litigation against defendants since 1994, when they filed suit against them in state court. The Superior Court dismissed their claims on a motion for summary judgment and imposed sanctions pursuant to Rule 11 for "[f]iling this untimely lawsuit in November 1994, and continuing to pursue it for more than 6 years thereafter." (Dkt. #29). Defendants filed a dispositive motion in this Court based on improper venue, lack of jurisdiction, res judicata, collateral estoppel, statute of limitations, and failure to state a claim ("defendants' motion"). Plaintiffs have repeatedly delayed consideration of that motion, noted for December 9, 2005. They requested an extension of time of more than two months to work on their filings and to obtain a generation skipping trust document through discovery. The Court granted the request and renoted the motion for February 10, 2006. As the deadline for filing their response to defendants' motion approached, plaintiffs filed a motion to amend their complaint to add a FCA claim. Plaintiffs also filed a motion for a 91-day extension of time to respond to defendants' motion based on their assertion that the proposed amended complaint had to be sealed for 60 days pursuant to the FCA. The Court denied the request for an extension because plaintiffs had not served the motion on defendants.

On February 6, 2006, the date their response was due, plaintiffs filed two motions requesting extensions of time to respond to defendants' motion. The Court granted a one-week extension. Plaintiffs filed a fourth request for an extension on February 17, 2006, requesting an additional thirty-day extension to obtain two documents, including the generation skipping trust. Plaintiffs, however, did not explain their failure to obtain the

ORDER OF DISMISSAL - 3

1  documents earlier or to propound *any* discovery requests during the pendency of the case.
2  Plaintiffs' lengthy history of litigation with these defendants over the same issues
3  presented in this case, their repeated attempts to delay consideration of defendants'
4  dispositive motion, and their refusal to comply with the Court's rules and orders to serve
5  their motion to file a second amended complaint and related documents are tactics which
6  are designed to and have impeded the resolution of this case on the merits.[2]

7       The Court has also considered less drastic sanctions and found them inadequate.
8  The Superior Court imposed Rule 11 sanctions on plaintiffs, and the Washington State
9  Court of Appeals awarded attorney's fees for filing a frivolous appeal.  (Dkt. #29).
10 Nevertheless, plaintiffs filed the same claims against defendants in this Court.  When
11 plaintiffs failed to comply with this Court's February 1, 2006 order, the Court warned
12 plaintiffs that failure to comply would result in the imposition of sanctions, including
13 dismissal.  See, e.g., Malone, 833 F.2d at 132 (noting that alternate sanctions include a
14 warning).  Plaintiffs were given ample time to comply, and have filed other, unrelated
15 documents in the interim.  These facts, and the fact that plaintiffs have stridently
16 disagreed with the Court's order, indicate that their refusal to comply is willful.[3]  As in
17 Malone, plaintiffs have "purposefully and defiantly violated a court order," warranting
18 the sanction of dismissal.  Id.

19      Accordingly, this case is DISMISSED.  The Clerk of the Court is directed to enter

---

[2] It appears that defendants' pending dispositive motion would be granted because plaintiffs' claims are barred by the statute of limitations and the doctrines of res judicata and collateral estoppel.

[3] Plaintiffs filed a motion for reconsideration of the order, and a motion to stay the order pending resolution of the motion for reconsideration. (Dkt. ## 76, 80).

ORDER OF DISMISSAL - 4

1 judgment in favor of defendants and against plaintiffs.

3   DATED this 28th day of February, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 5