UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NADENE SAMMANN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ESTATE OF ELIZABETH SAMMANN, *et al.*,<br><br>    Defendants. | Case No. C05-0929RSL<br><br>ORDER DENYING MOTION FOR A NEW TRIAL OR TO AMEND THE JUDGMENT AND FOR A STAY |

This matter comes before the Court on plaintiffs' "Motion for New Trial and/or in the Alternative for Motion to Alter or Amend Order of Dismissal and Judgment and Motion for Stay." (Dkt. #97). By order dated February 28, 2006, the Court dismissed plaintiffs' complaint because plaintiffs purposefully and defiantly violated two orders of the Court, they engaged in litigation tactics that repeatedly and purposefully delayed resolution on the merits, and because other, less drastic sanctions were inadequate. (Dkt. #91, the "Order"). After plaintiffs filed their motion, defendants filed a motion for sanctions (Dkt. #101), then plaintiffs filed a motion for sanctions (Dkt. #111).

As set forth below, the Court denies plaintiffs' motion for relief from the judgment

ORDER DENYING MOTION
FOR A NEW TRIAL - 1

and other relief and denies both parties' motions for sanctions.

## I.  FACTS

On February 1, 2006, the Court ordered plaintiffs to serve defendants with seven documents they erroneously filed under seal, including their proposed second amended complaint, a motion for leave to amend, and a motion for an extension of time to respond to defendants' pending dispositive motion.  Defendants had no access to the documents that plaintiffs erroneously and unilaterally filed under seal.[1]  The Court ordered plaintiffs to serve defendants and file a certificate of service with the Court no later than February 8, 2006.

The Court issued a second order on February 14, 2006 noting that as of that date, plaintiffs had not served the documents or filed a certificate of service.  The Court ordered plaintiffs to do so no later than February 21, 2006.  "Otherwise, the Court will impose sanctions on plaintiffs, which may include dismissal of this case." (Dkt. #85 at p. 1).  Plaintiffs did not comply with either order.

The Order dismissed the case "[f]or failure of the plaintiff . . . to comply with . . . any order of [the] court." Fed. R. Civ. P. 41(b).  The Court weighed the five factors set forth in <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128 (9th Cir. 1987).  The Court explained, "Plaintiffs' lengthy history of litigation with these defendants over the same issues presented in this case, their repeated attempts to delay consideration of defendants' dispositive motion, and their refusal to comply with the Court's rules and orders to serve their motion to file a second amended complaint and related documents are tactics which

---

[1] Local Rule 5 requires that a party seeking to file a document under seal must file a motion to seal the document; the motion must include "a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule 5(g)(2).  Plaintiffs did not comply with that Local Rule.

ORDER DENYING MOTION
FOR A NEW TRIAL - 2

are designed to and have impeded the resolution of this case on the merits." Order at p. 4. The Court also found that plaintiffs' refusal to comply with the Court's order was willful.

## II.  DISCUSSION

**A.  Plaintiffs' Request for a Stay and for Relief from Judgment.**

Plaintiffs seek a stay of the judgment pending their appeal pursuant to Fed. R. Civ. P. 62, which allows a party to move to stay execution of a judgment while a case is on appeal by posting a supersedeas bond. The standard for granting a stay pending appeal is effectively the same as that for issuing a preliminary injunction. See, e.g., Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). The Court weighs the parties' likelihood of success on the merits, the possibility of irreparable harm, the relative hardship of the parties, and the public interest. See Nautilus Group, Inc. v. Icon Health & Fitness, Inc., 308 F. Supp. 2d 1208, 1216 (W.D. Wash. 2003). Plaintiffs have not shown a likelihood of success on the merits. They have not offered any arguments regarding the other factors. Accordingly, the Court finds that a stay is not warranted.

Plaintiffs have requested relief pursuant to Fed. R. Civ. P. 59, which applies when a party seeks a new trial. Because there was no trial in this case, that rule is inapplicable.

Although plaintiffs did not cite the rule, the Court construes their motion as one for relief from the judgment pursuant to Fed. R. Civ. P. 60. Pursuant to Fed. R. Civ. P. 60(b), a judgment may be vacated for any one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment.

Plaintiffs' motion does not assert that any of the specifically enumerated grounds apply.

ORDER DENYING MOTION
FOR A NEW TRIAL - 3

The Court therefore considers the motion under subsection 6. Fed. R. Civ. P. 60(b)(6) is an equitable remedy that should be applied only in extraordinary circumstances. See, e.g., United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049-50 (9th Cir. 1993). Plaintiffs offer a series of irrelevant arguments in support of their motion, including facts related to the initial processing of their complaint and arguments in opposition to defendants' dispositive motion. None of those arguments explains plaintiffs' willful failure to comply with two of this Court's orders.

Plaintiffs also misconstrue some of the facts. For example, they allege various errors in the Court's ruling on defendants' dispositive motion; the Court, however, never ruled on that motion. See, e.g., Plaintiffs' Motion at p. 13 ("This Court also abused its discretion by ruling against our securities claims using a statute of limitations defense that was clearly invalid"). Furthermore, the Court found that dismissal was the appropriate sanction in part because plaintiffs had "repeatedly and purposefully delayed resolution on the merits." Order at p. 3. The Court noted that plaintiffs repeatedly sought continuances of defendants' pending dispositive motion in part to conduct discovery, yet they never sought any discovery. Plaintiffs now argue that they failed to conduct discovery because defense counsel served a notice of unavailability for December 12-19, 2005. Plaintiffs' claim that they failed to conduct any discovery during the three months the dispositive motion was pending because of counsel's one-week unavailability is untenable.

Plaintiffs also argue that they did not comply with the Court's orders because the Court erroneously ordered them to serve all defendants, including the proposed new defendants who were the subject of plaintiffs' motion to amend and proposed amended complaint. The Court's orders are devoid of any such instruction. Because the Court never granted plaintiffs' motion to amend, the proposed new parties were not defendants.

ORDER DENYING MOTION
FOR A NEW TRIAL - 4

1 Moreover, despite the fact that plaintiffs filed numerous motions challenging the Court's
2 orders in various ways, they never expressed any confusion or disagreement about which
3 defendants to serve.  These facts undermine their newly presented excuse for failing to
4 serve defendants as required by the Court's orders and rules.

5       Plaintiffs also argue that the Court erred in ordering them to serve defendants with
6 their motions, proposed amended complaint, and the other documents they erroneously
7 filed under seal and refused to serve.  Plaintiffs' disagreements with the Court's prior
8 orders have been raised and rejected in prior motions and do not constitute "extraordinary
9 circumstances justifying relief from the judgment."  Although plaintiffs have disputed
10 their obligation to serve their proposed second amended complaint, they have no
11 plausible basis to refuse to serve the other erroneously sealed documents, including their
12 motion for an extension.  For all of these reasons, plaintiffs' motion for relief from the
13 judgment and other relief is denied.

14       Finally, plaintiffs request that the Court permit them to amend their complaint.  In
15 their motion, however, they acknowledge that "Rule 15 is inapplicable unless a party
16 obtains relief under Rule 59 or Rule 60."  Plaintiffs' Motion at p. 19.  Because plaintiffs'
17 motion for relief from judgment is denied, their request to amend their complaint is
18 denied.

19 **B.     Defendants' Request for Sanctions.**

20       Defendants request sanctions against plaintiffs "for continuing a pattern of
21 frivolous motions which the defendant believes is intended to harass and cause delay."
22 Defendants' Opposition at p. 2.  Defendants request sanctions pursuant to Fed. R. Civ. P.
23 11; however, the request does not meet the requirements of Fed. R. Civ. P. 11(c)(1)(A).
24 Furthermore, as plaintiffs correctly point out, defendants cannot recover their costs or

25

26 ORDER DENYING MOTION
FOR A NEW TRIAL - 5

attorneys' fees as the prevailing party because they did not file a timely motion for that relief. Local Rule 54(d)(1); Fed. R. Civ. P. 54(d).

The Court also has inherent authority to sanction any party pursuant to General Rule 3. Although the Court has found that plaintiffs willfully violated two Court orders and engaged in improper litigation tactics, the Court has already imposed the drastic sanction of dismissal. Therefore, the Court will not impose monetary sanctions on plaintiffs at this time. However, if plaintiffs engage in further litigation misconduct, including filing frivolous motions, the Court may reconsider the imposition of sanctions.

**C.     Plaintiffs' Request for Sanctions.**

Plaintiffs request sanctions against defendants, arguing that they incurred additional service costs because defense counsel Alan Funk ("Mr. Funk") did not provide them or the Court with his current address. Plaintiffs state that they attempted to serve documents on Mr. Funk on Friday, March 31, 2006, but when they arrived at his law office at 4:45 p.m., the receptionist had left for the day. Plaintiffs questioned attorneys from other firms about Mr. Funk's whereabouts, and those unnamed attorneys informed them that Mr. Funk was no longer a tenant in the building. At the advice of a postal worker, plaintiffs subsequently mailed their documents to Mr. Funk via certified mail and asked for "Address Service Requested." Certificate Regarding Service (Dkt. #109) at p. 4. Plaintiffs request sanctions in the amount of $500.00 "for the trouble and expense [they] had to go thru, and $45.96 for costs of service." Declaration of Nadene Sammann (Dkt. #111) at p. 3. After plaintiff incurred those costs, Mr. Funk's colleague, J. Stephen Funk, informed plaintiffs that Mr. Funk was no longer representing defendants.

If plaintiffs' allegations are true and Mr. Funk no longer represents defendants, then he is required to follow the procedures to withdraw set forth in General Rule

ORDER DENYING MOTION
FOR A NEW TRIAL - 6

2(g)(4)(A). His failure to follow those procedures, however, did not cause the "effort" and expense plaintiffs incurred. Even if plaintiffs believed that Mr. Funk no longer represented defendants, they could have served his co-counsel, J. Stephen Funk. Furthermore, pursuant to Fed. R. Civ. P. 5(b), plaintiffs could have left the documents at defense counsel's office "in a conspicuous place" or mailed them to their address in the record. Rather than following the procedures set forth in the rules, plaintiffs took it upon themselves to attempt to investigate Mr. Funk's new address and serve him there. Any additional effort and expense appear to be the result of plaintiffs' own actions, so sanctions are not warranted.

In their reply memorandum, plaintiffs also request sanctions based on defendants' counsel request to withdraw. The Court will address the motion to withdraw and plaintiffs' request for sanctions on that basis by separate order.

### III. CONCLUSION

Accordingly, the Court DENIES plaintiffs' motion for a new trial and other relief (Dkt. #97), DENIES defendants' motion for sanctions (Dkt. #101), and DENIES plaintiffs' motion for sanctions (Dkt. #111).

DATED this 24th day of April, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR A NEW TRIAL - 7